1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **DISTRICT OF NEVADA**

9

10 CARRINGTON MORTGAGE SERVICES, LLC,    )
                                                             )    Case No. 2:15-cv-01377-JCM-NJK
                    Plaintiff(s),                            )
11                                                           )
   vs.                                                       )    ORDER
12                                                           )
   SFR INVESTMENTS POOL 1, LLC,                              )    (Docket No. 32)
13                                                           )
                    Defendant(s).                            )
14 _____  )

15        Pending before the Court is Defendant's renewed motion for a protective order related to a Rule

16 30(b)(6) deposition noticed for February 12, 2016.  Docket No. 32.  The Court denied the previously-

17 filed motion because it incorrectly relied on a state law standard for relevancy, the primary issue

18 advanced by Defendant.  *See* Docket No. 31.  Defendant's renewed motion cites federal law, but relies

19 on the standard for relevancy for purposes of admitting evidence at trial.  *See* Docket No. 32 at 4

20 (discussing Federal Rule of Evidence 401).  That is not the standard applicable in the discovery context.

21 *See, e.g.*, *Kerr v. U.S. Dist. Court for the N. Dist. of Cal.*, 511 F.2d 192, 196 (9th Cir. 1975) ("the

22 question of relevancy is to be more loosely construed at the discovery stage than at the trial" and "it is

23 no ground for objection that the information sought in pretrial discovery would not be admissible at

24 trial"); 8 Wright, Miller, & Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2008, at p. 125-126 (2010)

25 (distinguishing between the relevancy standard in Rule 26 of the Federal Rules of Civil Procedure and

26 the relevancy standard for admission of evidence at trial governed by the Rule 401 of the Federal Rules

27 of Evidence); *see also* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not

28 be admissible in evidence to be discoverable").

1    Rule 26 of the Federal Rules of Civil Procedure outlines the scope of allowable discovery, and

2    limits parties to seeking "relevant" information.  *See* Fed. R. Civ. P. 26(b)(1).[1]  Case law applying Rule

3    26 emphasizes that "relevancy under Rule 26 is extremely broad, " *U.S. E.E.O.C. v. Caesars Enter., Inc.*,

4    237 F.R.D. 428, 431 (D. Nev. 2006), and "contemplates discovery into any matter that bears on or that

5    reasonably could lead to other matter that could bear on any issue that is or may be raised in a case,"

6    *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008) (emphasis

7    added).  "Relevant information for purposes of discovery is information 'reasonably calculated to lead

8    to the discovery of admissible evidence.'"  *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635

9    (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)).

10    As noted above, the renewed motion relies on an improper standard for relevancy.[2]  Moreover,

11    it appears that the improper recitation of the applicable standard may have impacted the arguments

12    made, which do not appear consistent with the above standard.  *Compare Phoenix Solutions*, 254 F.R.D.

13    at 575 (relevant discovery includes information bearing on "any issue" in the case) *with* Docket No. 32

14    at 4 (arguing that a deposition topic is improper because it is not pertinent "to the core issue in this

15    case").  As such, the renewed motion for protective order is hereby **DENIED** without prejudice.  To the

16    extent Defendant believes its relevancy objection remains valid, it shall promptly meet-and-confer with

17    Plaintiff's counsel.  Any refiled motion must be filed no later than January 29, 2016, and must address

18    the standards outlined above.[3]

19

20

21    [1] As highlighted by the recent amendments to Rule 26, the scope of discovery is also limited to

22    discovery that is "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1) (effective December 1,
       2015).

23

24    [2] The Court generally rules only based on the arguments presented by the parties.  When parties
       incorrectly formulate the applicable standard, however, the Court has a duty to ensure that the correct

25    standard is applied.  *See, e.g.*, *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).
       Especially given the time constraints of this dispute and the multiple instances of Defendant reciting an

26    incorrect standard, the Court issues this order to streamline the process for resolving the pending dispute.

27
       [3] To the extent Defendant believes the standard outlined herein is not applicable, it is free to explain

28    that position in the renewed motion.

2

1    In the event the motion for protective order is renewed, any response must be filed no later than

2  February 3, 2016, and any reply must be filed no later than February 4, 2016.[4]  The Court hereby **SETS**

3  a hearing on any renewed motion for 2:00 p.m. on February 9, 2016, in Courtroom 3D.

4    IT IS SO ORDERED.

5    DATED: January 27, 2016

6    _____
    NANCY J. KOPPE
7    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27    [4] Notwithstanding any contrary indications from the automatically-generated CM/ECF notices, the
    briefing schedule set in this order controls.  *See, e.g.*, *Carrillo v. B&J Andrews Enters., LLC*, 2013 U.S. Dist.
28  Lexis 22010, *2 (D. Nev. Feb. 19, 2013).