# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CARRINGTON MORTGAGE SERVICES, LLC,)
                Plaintiff(s),              )    Case No. 2:15-cv-01377-JCM-NJK
)
vs.                                       )    ORDER
)
SFR INVESTMENTS POOL 1, LLC, et al.,)
                Defendant(s).         )

       Pending before the Court is an order for Plaintiff and Plaintiff's counsel to show cause why they should not be sanctioned. Docket No. 68. That order to show cause was premised most significantly on the representation of Defendant's counsel that Plaintiff's counsel has "routinely exceed[ed] the page limits required by the local rules in this Court and in the Eighth Judicial District Court." Docket No. 60 at 2; *see also id.* at 3 (asserting that Plaintiff's counsel has "repeatedly" exceeded the page limitations in both this and state court "by many pages"). Such representations are significant because, as the Court noted in the order to show cause, "[v]iolations of the local rules are particularly egregious if done knowingly and/or repeatedly." Docket No. 68 at 1.

       Prior to requiring a response from Plaintiff and Plaintiff's counsel to the order to show cause, the Court required Defendant's counsel to substantiate the representations of repeated local rules violations by providing a supplemental factual showing. *See* Docket No. 68. That supplement has now been filed, and identifies a single instance in which Defendant's counsel contends Plaintiff's counsel exceeded the page limitations in the local rules of this Court by four pages. *See* Docket No. 69 at 3.

This does not establish the pattern of violating this Court's local rules that had been suggested by Defendant counsel's previous representations.[1]

The order to show cause is hereby **DISCHARGED**. The Court **CAUTIONS** all parties and their counsel that they are expected to comply with the local rules, including the local rules regarding seeking leave to file oversized briefs and otherwise filing briefs that comply with the page limitations outlined in the local rules. Failure to comply with the local rules may result in the imposition of sanctions. *See, e.g.*, Local Rule IA 11-8(c).

The Court also **CAUTIONS** all parties and their counsel that they owe this Court a duty of candor, and must ensure that their factual representations are accurate and not misleading. *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 585 (D. Nev. 2013). Failure to comply with that duty may result in the imposition of sanctions. *See, e.g.*, Fed. R. Civ. P. 11.

Lastly, the inflated rhetoric in the motion to strike appears to evidence a breakdown of the relationship of counsel. "The court expects a high degree of professionalism and civility from attorneys." Local Rule 1-1(c). Counsel are urged to create and maintain a more cooperative relationship.

IT IS SO ORDERED.

DATED: May 12, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The supplement also identifies five cases in which Defendant asserts Plaintiff's counsel violated the page limitation requirements applicable in state court. Docket No. 69 at 3-4. Two of the cases cited include what appear to be instances of a brief being a single page beyond the state court page limitation, and another that was three pages too long.