UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>Defendant(s). | Case No. 2:15-CV-1377 JCM (NJK)<br><br>ORDER |

Presently before the court is crossdefendant Bank of America, N.A.'s ("BANA") motion for reconsideration. (ECF No. 94).

Also before the court is plaintiff/counterdefendant Carrington Mortgage Services, LLC's ("CMS") motion for judgment on the pleadings. (ECF No. 96). Defendant/counterclaimant SFR Investments Pool 1, LLC ("SFR") (ECF No. 98) and defendant Oak Park Homeowners Association (the "HOA") (ECF No. 99) filed responses, to which CMS replied (ECF No. 106).

**I.   Facts**

This case involves a dispute over real property located at 909 Veranda View Avenue, Las Vegas, Nevada 89123 (the "property").

On September 25, 2008, Samuel and Harry Juergens obtained a loan in the amount of $171,311.00 from Taylor, Bean & Whitaker Mortgage Corp. ("TBW") to purchase the property, which was secured by a deed of trust recorded on November 3, 2008. (ECF No. 37). The loan was insured by the Federal Housing Administration ("FHA"). (ECF No. 37).

On April 14, 2010, defendant Nevada Association Services, Inc. ("NAS"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien. (ECF No. 37). On December 1,

**James C. Mahan**
**U.S. District Judge**

2010, NAS recorded a notice of default and election to sell to satisfy the delinquent assessment lien. (ECF No. 37).

On January 4, 2011, BANA's prior counsel Miles, Bauer, Bergstrom & Winters, LLP ("MBBW") requested a superpriority demand payoff from NAS. (ECF No. 37). On January 25, 2011, MBBW received a payoff demand from NAS, with a full lien payoff in the amount of $3,281.56. (ECF No. 37). MBBW determined the superpriority portion of the lien to be $503.10, and tendered that amount to NAS on February 25, 2011, which NAS allegedly rejected. (ECF No. 37).

On July 28, 2011, the deed of trust was assigned to BAC Home Loans Servicing, LP, fka Countrywide Home Loan Servicing, LP via an assignment deed recorded August 1, 2011. (ECF No. 37).

On August 23, 2012, NAS sent, by certified mail, to BAC (among others) a notice of trustee's sale. (ECF No. 44-1 at 82–88). On August 27, 2012, NAS recorded a notice of trustee's sale. (ECF No. 37). On December 28, 2012, SFR purchased the property at the foreclosure sale for $7,400.00. (ECF No. 37). A foreclosure deed in favor of SFR was recorded on January 3, 2013. (ECF No. 37).

On September 5, 2014, BANA recorded a request for notice pursuant to NRS 116.3118. (ECF No. 50 at 4). On December 23, 2014, BANA assigned its beneficial interest under the deed of trust to CMS via an assignment deed, which was recorded on January 29, 2015. (ECF Nos. 37, 50).

On July 20, 2015, CMS filed a complaint (ECF No. 1), which was later amended on February 29, 2016 (ECF No. 37). In the amended complaint, CMS alleges nine claims for relief: (1) quiet title/declaratory relief against SFR, the HOA, and NAS; (2) preliminary injunction against SFR; (3) wrongful/statutorily defective foreclosure against the HOA and NAS; (4) negligence against the HOA and NAS; (5) negligence *per se* against the HOA and NAS; (6) unjust enrichment against SFR, the HOA, and NAS; (7) breach of contract against the HOA and NAS; (8) misrepresentation against the HOA; and (9) breach of good faith and fair dealing against the HOA and NAS. (ECF No. 37).

On August 20, 2015, SFR filed a crossclaim, alleging three claims for relief: (1) quiet title/declaratory relief against CMS, BANA, and the Juergens; (2) preliminary and permanent injunction; and (3) slander of title against CMS and BANA. (ECF No. 12).

On February 8, 2017, the court dismissed all of CMS's claims (ECF No. 1) except for claims (1) and (3). (ECF No. 91). In that same order, the court denied SFR's (ECF No. 44) and BANA's (ECF No. 45) motions for summary judgment. (ECF No. 91).

In the instant motions, BANA moves for reconsideration (ECF No. 94) of the court's February 8th order (ECF No. 91) and CMS moves for judgment on the pleadings (ECF No. 96). The court will address each as it sees fit.

## II. Legal Standards

### A. Reconsideration

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890; *see also* LR 59-1(b) ("Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions.").

. . .

U.S. District Judge

- 3 -

**B. Judgment on the Pleadings**

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are "functionally identical" to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

In reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "[J]udgment on the pleadings is proper 'when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) (citation omitted). The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

**C. Summary Judgment**

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Because the court takes judicial notice of certain documents (*see* n.1 *infra*), the court treats CMS's motion for judgment on the pleadings (ECF No. 96) as a motion for summary judgment.

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be

entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the

pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion[1]

As an initial matter, the court dismisses without prejudice claim (3) of CMS's amended complaint (ECF No. 37) for CMS's failure to mediate pursuant to NRS 38.310. *See, e.g.*, Nev. Rev. Stat. § 38.310(1); *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555 (Nev. 2013). Subsection (1) of NRS 38.310 provides, in relevant part, as follows:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2). A "civil action" includes any actions for monetary damages or equitable relief. *See* Nev. Rev. Stat. § 38.300(3).

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of*

---

[1] The court takes judicial notice of the following recorded documents: first deed of trust (ECF No. 45-1); assignments of deed of trust (ECF Nos. 45-2; 45-4); notice of delinquent assessment (ECF No. 45-5); notice of default and election to sell (ECF No. 45-6); notice of trustee's sale (ECF No. 45-8); and trustee's deed upon sale (ECF No. 45-9). *See, e.g.*, *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011) (holding that a court may take judicial notice of public records if the facts noticed are not subject to reasonable dispute); *Intri-Plex Tech., Inv. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

*Am., N.A.*, No. 2:12-CV-1367-JCM-PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.

Consequently, CMS must first submit this claim to mediation before proceeding with a civil action. *See e.g.*, *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 215CV01153APGGWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortg. Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015).

Accordingly, CMS's claims for wrongful foreclosure (claim 3) will be dismissed without prejudice.[2]

Further, the court will dismiss without prejudice claim (2) of SFR's counterclaim (ECF No. 12) because the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").[3]

### A. Reconsider

BANA moves for reconsideration of the court's February 8th order (ECF No. 91), wherein the court denied BANA's motion for summary judgment (ECF No. 45) on SFR's

---

[2] Although the court has already dismissed claims (4) through (9) of CMS's amended complaint (ECF No. 37) in its February 9th order (ECF No. 91), the court notes that these claims are also properly dismissed for CMS's failure to mediate.

[3] The same rationale applies to claim (2) of CMS's amended complaint (ECF No. 37).

slander of title claim (ECF No. 12). (ECF No. 94). BANA argues that SFR failed to allege or show any damages arising from CMS's/BANA's recorded documents. (ECF No. 94).

The court agrees. Under Nevada law, a slander of title claim involves (1) false and malicious communications (2) disparaging to one's title in land (3) causing special damages. *See Higgins v. Higgens*, 744 P.2d 530, 531 (Nev. 1987) (citations omitted). SFR has failed to allege or show any special damages arising from any false and malicious communications by CMS/BANA.

Accordingly, the court will grant BANA's motion for reconsideration (ECF No. 94) as to this issue and will grant BANA's motion for summary judgment (ECF No. 45) on SFR's slander of title claim (ECF No. 12).

**B. Judgment on the Pleadings**[4]

CMS moves for judgment on the pleadings on its quiet title claim against SFR based, *inter alia*, on *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) ("*Bourne Valley*"). (ECF No. 96).

*Bourne Valley*'s holding provides no support for CMS's quiet title claim against SFR. The Ninth Circuit held that NRS 116.3116's "opt-in" notice scheme, which required a HOA to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated mortgage lenders' constitutional due process rights. *Bourne Valley*, 832 F.3d at 1157–58. The facially unconstitutional provision, as identified in *Bourne Valley*, exists in NRS 116.31163(2). *See id.* at 1158. At issue is the "opt-in" provision that unconstitutionally shifts the notice burden to holders of the property interest at risk. *See id.*

To state a procedural due process claim, a claimant must allege "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist*., 149 F.3d 971, 982 (9th Cir. 1998). CMS has failed on both prongs.

---

[4] The 2015 Legislature revised Chapter 116 substantially. 2015 Nev. Stat., ch. 266. Except where otherwise indicated, the references in this order to statutes codified in NRS Chapter 116 are to the version of the statutes in effect in 2011–12, when the events giving rise to this litigation occurred.

James C. Mahan
U.S. District Judge

- 8 -

The foreclosure sale occurred on December 28, 2012. After the foreclosure sale extinguished the first deed of trust, BANA assigned its beneficial interests thereunder to CMS via an assignment of deed of trust recorded on January 29, 2015. Thus, at the time of the foreclosure sale, CMS had no interest in the property, and thereby no standing to assert a due process claim.[5]

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Here, CMS has failed to show that its claim to the property is superior to all others, namely that of SFR's. According to CMS's amended complaint, CMS was not assigned any interest under the deed of trust until after the foreclosure sale—*i.e.*, after the foreclosure sale extinguished the deed of trust. SFR, on the other hand, has sufficiently shown that its claim to the property is superior to that of CMS's. SFR purchased the property at a valid foreclosure sale and a trustee's deed upon sale was recorded in SFR's favor.

Section 116.3116(1) of the Nevada Revised Statutes gives an HOA a lien on its homeowners' residences for unpaid assessments and fines; moreover, NRS 116.3116(2) gives priority to that HOA lien over all other liens and encumbrances with limited exceptions—such as

---

[5] BANA's due process claim similarly fails as BANA/BAC received actual notice of the foreclosure sale. (*See* ECF No. 44-1 at 82–88). Due process does not require actual notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Rather, it requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Bourne Valley*, 832 F.3d at 1158. Here, adequate notice was given to the interested parties prior to extinguishing a property right.

**James C. Mahan**
**U.S. District Judge**

- 9 -

"[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

The statute then carves out a partial exception to subparagraph (2)(b)'s exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investment Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Chapter 116 of the Nevada Revised Statutes permits an HOA to enforce its superpriority lien by nonjudicial foreclosure sale. *Id.* at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

Subsection (1) of NRS 116.31166 provides that the recitals in a deed made pursuant to NRS 116.31164 of the following are conclusive proof of the matters recited:

> (a) Default, the mailing of the notice of delinquent assessment, and the recording of the notice of default and election to sell;
> (b) The elapsing of the 90 days; and
> (c) The giving of notice of sale[.]

Nev. Rev. Stat. § 116.31166(1)(a)–(c).[6] "The 'conclusive' recitals concern default, notice, and publication of the [notice of sale], all statutory prerequisites to a valid HOA lien foreclosure sale as stated in NRS 116.31162 through NRS 116.31164, the sections that immediately precede and

---

[6] The statute further provides as follows:

> 2. Such a deed containing those recitals is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons. The receipt for the purchase money contained in such a deed is sufficient to discharge the purchaser from obligation to see to the proper application of the purchase money.
>
> 3. The sale of a unit pursuant to NRS 116.31162, 116.31163 and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption.

Nev. Rev. Stat. § 116.31166(2)–(3).

give context to NRS 116.31166." *Shadow Wood Homeowners Assoc. v. N.Y. Cmty. Bancorp., Inc.*, 366 P.3d 1105 (Nev. 2016) ("*Shadow Wood*").

The court has taken judicial notice of the trustee's deed in favor of SFR. Accordingly, the recitals contained therein are conclusive as to the foreclosure sale satisfying the statutory prerequisites of a valid foreclosure sale.

CMS has failed to set forth any arguments in support of setting aside the foreclosure sale. Neither BANA nor CMS tendered the amount due prior to the foreclosure sale. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, U.S. Bank could have paid off the SHHOA lien to avert loss of its security . . . ."); *see also, e.g.*, *7912 Limbwood Ct. Trust v. Wells Fargo Bank, N.A., et al.*, 979 F. Supp. 2d 1142, 1149 (D. Nev. 2013) ("If junior lienholders want to avoid this result, they readily can preserve their security interests by buying out the senior lienholder's interest." (citing *Carillo v. Valley Bank of Nev.*, 734 P.2d 724, 725 (Nev. 1987); *Keever v. Nicholas Beers Co.*, 611 P.2d 1079, 1083 (Nev. 1980))).

Further, neither BANA nor CMS have set forth any evidence of fraud, unfairness, or oppression. *See, e.g.*, *Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, No. 70653, 2017 WL 1423938, at *2 n.2 (Nev. App. Apr. 17, 2017) ("Sale price alone, however, is never enough to demonstrate that the sale was commercially unreasonable; rather, the party challenging the sale must also make a showing of fraud, unfairness, or oppression that brought about the low sale price.").

In light of the foregoing, CMS has failed to show that its interest in the property is superior to that of SFR's interest in the property as CMS was not assigned any interest in the property until after the foreclosure sale. By contrast, SFR has provided the recorded deed of trust, the recorded notices underlying the foreclosure sale, and the recorded trustee's deed upon sale. As CMS and BANA have failed to set forth any grounds that would otherwise support setting aside the foreclosure sale, the court finds that SFR is entitled to judgment as a matter of law on its quiet title claim against CMS and BANA.

. . .

. . .

### IV. Conclusion

Based on the aforementioned, the court will grant BANA's motion for reconsideration (ECF No. 94) to the extent that it seeks reconsideration of the court's February 8th order (ECF No. 91) denying BANA's motion for summary judgment (ECF No. 45) as to SFR's slander of title claim (ECF No. 12). In particular, the court will amend its February 8th order (ECF No. 91) as follows:

> IT IS FURTHER ORDERED that BANA's motion for summary judgment (ECF No. 45) be, and the same hereby is, GRANTED IN PART and DENIED IN PART. Specifically, BANA's motion for summary judgment (ECF No. 45) is granted insofar as it relates to SFR's slander of title claim (ECF No. 12), but denied as to the rest.

Further, the court will dismiss, without prejudice, claim (3) of CMS's amended complaint (ECF No. 37) and claim (2) of SFR's counterclaim (ECF No. 12).

Furthermore, the court will deny CMS's motion for judgment on the pleadings. (ECF No. 96). The court finds that SFR is entitled to judgment as a matter of law on its quiet title claim against CMS and BANA and will therefore grant judgment in favor of SFR and against CMS and BANA on SFR's quiet title claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion for reconsideration (ECF No. 94) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that CMS's motion for judgment on the pleadings (ECF No. 96) be, and the same hereby is, DENIED consistent with the foregoing.

IT IS FURTHER ORDERED that the clerk shall enter judgment in favor of SFR and against CMS and BANA on SFR's quiet title claim accordingly and close the case.

DATED July 3, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 12 -