James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>Defendant(s). | Case No. 2:15-CV-1377 JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiff/counterdefendant Carrington Mortgage Services, LLC's ("CMS") motion for reconsideration. (ECF No. 110). Defendant Oak Park Homeowners Association ("the HOA") (ECF No. 116), and defendant SFR Investments Pool 1, LLC ("SFR") (ECF No. 117) filed responses, to which CMS replied (ECF No. 119).

**I.    Facts**

This case involves a dispute over real property located at 909 Veranda View Avenue, Las Vegas, Nevada 89123 (the "property").

On September 25, 2008, Samuel and Harry Juergens obtained a loan in the amount of $171,311.00 from Taylor, Bean & Whitaker Mortgage Corp. ("TBW") to purchase the property, which was secured by a deed of trust recorded on November 3, 2008. (ECF No. 37). The loan was insured by the Federal Housing Administration ("FHA"). (ECF No. 37).

On April 14, 2010, defendant Nevada Association Services, Inc. ("NAS"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien. (ECF No. 37). On December 1, 2010, NAS recorded a notice of default and election to sell to satisfy the delinquent assessment lien. (ECF No. 37).

On January 4, 2011, Bank of America, N.A.'s ("BANA") prior counsel Miles, Bauer, Bergstrom & Winters, LLP ("MBBW") requested a superpriority demand payoff from NAS. (ECF No. 37). On January 25, 2011, MBBW received a payoff demand from NAS, with a full lien payoff in the amount of $3,281.56. (ECF No. 37). MBBW determined the superpriority portion of the lien to be $503.10, and tendered that amount to NAS on February 25, 2011, which NAS allegedly rejected. (ECF No. 37).

On July 28, 2011, the deed of trust was assigned to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loan Servicing, LP via an assignment deed recorded August 1, 2011. (ECF No. 37).

On August 23, 2012, NAS sent, by certified mail, to BAC (among others) a notice of trustee's sale. (ECF No. 44-1 at 82–88). On August 27, 2012, NAS recorded a notice of trustee's sale. (ECF No. 37). On December 28, 2012, SFR purchased the property at the foreclosure sale for $7,400.00. (ECF No. 37). A foreclosure deed in favor of SFR was recorded on January 3, 2013. (ECF No. 37).

On September 5, 2014, BANA recorded a request for notice pursuant to NRS 116.3118. (ECF No. 50 at 4). On December 23, 2014, BANA assigned its beneficial interest under the deed of trust to CMS via an assignment deed, which was recorded on January 29, 2015. (ECF Nos. 37, 50).

On July 20, 2015, CMS filed a complaint (ECF No. 1), which was later amended on February 29, 2016 (ECF No. 37). In the amended complaint, CMS alleges nine claims for relief: (1) quiet title/declaratory relief against SFR, the HOA, and NAS; (2) preliminary injunction against SFR; (3) wrongful/statutorily defective foreclosure against the HOA and NAS; (4) negligence against the HOA and NAS; (5) negligence *per se* against the HOA and NAS; (6) unjust enrichment against SFR, the HOA, and NAS; (7) breach of contract against the HOA and NAS; (8) misrepresentation against the HOA; and (9) breach of good faith and fair dealing against the HOA and NAS. (ECF No. 37).

On August 20, 2015, SFR filed a crossclaim, alleging three claims for relief: (1) quiet title/declaratory relief against CMS, BANA, and the Juergens; (2) preliminary and permanent injunction; and (3) slander of title against CMS and BANA. (ECF No. 12).

On February 8, 2017, the court dismissed all of CMS's claims (ECF No. 1) except for claims (1) and (3). (ECF No. 91). In that same order, the court denied SFR's (ECF No. 44) and BANA's (ECF No. 45) motions for summary judgment. (ECF No. 91).

On March 9, 2017, CMS filed a motion for judgment on the pleadings. (ECF No. 96). On July 3, 2017, the court denied CMS's motion and dismissed CMS's wrongful foreclosure claim against the HOA for failure to mediate pursuant to NRS 38.310. (ECF No. 107). The court also held that SFR is entitled to judgment as a matter of law on its quiet title claim against CMS and BANA because CMS had no interest in the deed of trust until after the HOA sale. *Id.* Judgment was then entered in favor of SFR. (ECF No. 108).

In the instant motion, CMS seeks the court to reconsider its July 3, 2017 order. (ECF No. 110). Specifically, CMS argues (1) its wrongful foreclosure claim against the HOA should not have been dismissed and, (2) the court should not have granted judgment in favor of SFR and against CMS as to SFR's quiet title claim. *Id.*

**II.    Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "may not be used to raise arguments .

. . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890; *see also* LR 59-1(b) ("Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions.").

**III. Discussion**

*a. Dismissal of CMS's wrongful foreclosure claim*

The court's July 3, 2017 order dismissed CMS's wrongful foreclosure claim against the HOA for failure to first submit the claim to mediation pursuant to NRS 38.310 and *McKnight Family, LLP v. Adept Mgmt.*, 310 P.3d 555 (Nev. 2013). (ECF No. 107). CMS argues the court dismissed its wrongful foreclosure claim in error because the HOA's motion to dismiss did not argue for dismissal for failure to comply with NRS 38.310. *Id.* CMS now offers evidence that CMS and the HOA have in fact previously participated in an unsuccessful mediation pursuant to NRS 38.310 on April 21, 2016. (ECF No. 110, Ex. 9).

As neither CMS nor SFR submitted any evidence of the mediation in advance of CMS's instant motion, the court properly dismissed CMS's wrongful foreclosure claim for failure to comply with NRS 38.310 without prejudice. The court can, at any time, dismiss on jurisdictional grounds. Fed. R. Civ. P. 12(b)(1). Now having presented evidence that a failed mediation took place subsequent to the filing of its complaint, CMS is not barred from refiling its wrongful foreclosure claim, evincing its compliance with NRS 38.310.

However, given the court's finding in its July 3, 2017 order that CMS failed to set forth any evidence to set aside the foreclosure sale, i.e., evidence of fraud, unfairness, or oppression, CMS's wrongful foreclosure claim fails substantively as well.

*b. Judgment on the pleadings*

CMS next argues that granting judgment in favor of SFR as to SFR's quiet title claim against CMS amounted to clear error on the part of the court. (ECF No. 110). Five months earlier, the court had denied SFR's motion for summary judgment on its quiet title claim holding that "genuine issues exist as to SFR's status as a bona fide purchaser so as to preclude summary

James C. Mahan
U.S. District Judge

- 4 -

judgment" on SFR's quiet title claim. (ECF No. 91). CMS claims that SFR has not submitted any new evidence in support of its bona fide purchaser status since the court denied SFR's summary judgment motion on February 8, 2017. (ECF No. 110).

However, as the court's July 3, 2017 order (ECF No. 107) held that CMS failed to set forth a compelling argument that the foreclosure sale was commercially unreasonable in any way, SFR's status as a bona fide purchaser is not relevant here. *See, e.g.*, *Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, No. 70653, 2017 WL 1423938, at *3 n.3 (Nev. App. Apr. 17, 2017) (citing *Shadow Wood,* 366 P.3d at 1114).

Further, CMS argues that granting judgment in favor of SFR on its quiet title claim reasoning that CMS failed to show that its interest in the property was superior to SFR's was clear error on the part of the court. (ECF No. 110). CMS cites the July 3, 2017 order's statement that "[t]he loan was insured by the Federal Housing Administration ("FHA")" (ECF No. 107 at 1) as dispositive of CMS's superior interest in the property. (ECF No. 110). The court disagrees.

Under the Property Clause of the United States Constitution, only "Congress shall have the power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States . . . ." U.S. Const. Art. IV, § 3, cl. 2. The Supremacy Clause provides that the "Constitution . . . shall be the supreme law of the land . . . ." U.S. Const. Art. VI, cl. 2. "State legislation must yield under the Supremacy Clause of the Constitution to the interests of the federal government when the legislation as applied interferes with the federal purpose or operates to impede or condition the implementation of federal policies and programs." *Rust v. Johnson*, 597 F.2d 174, 179 (9th Cir. 1979).

In *Rust*, the Ninth Circuit held that a city's foreclosure on property insured by the Federal National Mortgage Association was invalid under the Supremacy Clause. The court reasoned that upholding the sale "would run the risk of substantially impairing the Government's participation in the home mortgage market and of defeating the purpose of the National Housing Act." *Id.*

On this basis, courts consistently apply federal law, ignoring conflicting state law, when determining rights related to federally owned and insured loans. *United States v. Stadium Apartments, Inc.*, 425 F.2d 358, 362 (9th Cir. 1970) (holding that federal law applies to FHA-

- 5 -

insured mortgages "to assure the protection of the federal program against loss, state law to the contrary notwithstanding"); *see also United States v. Victory Highway Vill., Inc.*, 662 F.2d 488, 497 (8th Cir. 1981) (citing Ninth Circuit case law) ("We note that federal law, not [state] law, governs the rights and liabilities of the parties in cases dealing with the remedies available upon default of a federally held or insured loan."). Foreclosure on federal property is prohibited where it interferes with the statutory mission of a federal agency. *See United States v. Lewis Cnty.*, 175 F.3d 671, 678 (9th Cir. 1999) (holding that the state could not foreclose on federal Farm Service Agency property for non-payment of taxes).

Indeed, federal district courts in this circuit have set aside HOA foreclosure sales on property and supremacy clause grounds in cases involving federally insured loans. *Saticoy Bay LLC, Series 7342 Tanglewood Park v. SRMOF II 2012-1 Trust*, No. 2:13-cv-1199-JCM-VCF, 2015 WL 1990076, at *1 (D. Nev. Apr. 30, 2015); *see also Sec'y of Hous. & Urban Dev. v. Sky Meadow Ass'n*, 117 F. Supp. 2d 970, 982 (C.D. Cal. 2000) (voiding HOA's non-judicial foreclosure on HUD property, quieting title in HUD's favor based on property and supremacy clauses); *Yunis v. United States*, 118 F. Supp. 2d 1024, 1027, 1036 (C.D. Cal. 2000) (voiding HOA's non-judicial foreclosure sale of property purchased under Veteran's Association Home Loan Guarantee Program); *Wash. & Sandhill Homeowners Ass'n v. Bank of Am., N.A.*, No. 2:13-cv-01845-GMN-GWF, 2014 WL 4798565, at *6 (D. Nev. Sept. 25, 2014) (holding that property and supremacy clauses barred foreclosure sale where mortgage interest was federally insured).

The single-family mortgage insurance program allows FHA to insure private loans, expanding the availability of mortgages to low-income individuals wishing to purchase homes. *See Sky Meadow Ass'n*, 117 F. Supp. 2d at 980–81 (discussing program); *Wash. & Sandhill Homeowners Ass'n*, 2014 WL 4798565, at *1 n.2 (same). If a borrower under this program defaults, the lender may foreclose on the property, convey title to HUD, and submit an insurance claim. 24 C.F.R. 203.355. HUD's property disposition program generates funds to finance the program. *See* 24 C.F.R. § 291.1.

Allowing an HOA foreclosure to wipe out a first deed of trust on a federally-insured property thus interferes with the purposes of the FHA insurance program. Specifically, it hinders

James C. Mahan
U.S. District Judge

HUD's ability to recoup funds from insured properties. However, SFR does not seek to quiet title against FHA or another federal institution or organization, and CMS has not indicated any authority giving it standing to assert the federal interests supposedly at issue here. (ECF No. 1). Thus, this argument does not have merit because the outcome of the instant case has no bearing on FHA's ability to defend its interest or, alternatively, because CMS has not successfully pled its standing to raise these issues.

Accordingly, the court declines to reconsider its previous order granting judgment in favor of SFR as to SFR's quiet title claim.

**IV.  Conclusion**

Based on the aforementioned, the court will deny CMS's motion for reconsideration (ECF No. 110) to the extent that it seeks reconsideration of the court's July 3, 2017 order (ECF No. 107) dismissing CMS's wrongful foreclosure claim and granting judgment in favor of SFR against CMS on SFR's quiet title claim.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that CMS's motion for reconsideration (ECF No. 110) be, and the same hereby is, DENIED consistent with the foregoing.

DATED March 19, 2018.

_____
UNITED STATES DISTRICT JUDGE